# United States District Court
## District of New Mexico

## Document Verification

**Case Title:** Parra-Perez v. USA
**Case Number:** 03cv00673    cr 01-1308
**Office:**

### Document Information

**Number:** 9

**Description:** PROPOSED FINDINGS AND RECOMMENDED DISPOSITION recommending case be dismissed without prejudice (cc: all counsel*)

**Size:** 5 pages (15k)

**Date Received:** 03/24/2004   **Date Filed:** 03/24/2004   **Date Entered On Docket:** 03/24/2004
02:24:30 PM

### Court Digital Signature                                View History

06 49 7f 14 b0 49 68 ab 97 19 38 b2 dc 1f cf c8 03 ca 93 ad e0 8b 40 31 67 bd 29 b9 9a 66 71 1b 27 55
27 e6 73 fb cc bc 9f 91 c7 30 c8 97 96 3d da 1f 22 71 9f 20 24 0a d9 93 da 13 42 0a dc 83 5d 20 ad f5
c2 42 27 f0 76 b6 9c b9 7c 52 0a fd cf 2e 56 97 9b a9 ec c0 eb 50 9e 86 f3 44 73 b1 0f bd cc 98 1d 4e
a1 cc fa 31 82 77 88 0a 0b 6c 58 b9 0d 87 c7 3d bf bc f6 e0 47 3c cf 0a cb 07

### Filer Information

**Submitted By:** Julie K. Fritsch

**Comments:** RECOMMENDED FINDING by Magistrate Judge Leslie C. Smith recommending that Movant's Motion be Denied without Prejudice.

**Digital Signature:** The Court's digital signature is a verifiable mathematical computation unique to this document and the Court's private encryption key. This signature assures that any change to the document can be detected.

**Verification:** This form is verification of the status of the document identified above as of *Thursday, March 25, 2004*. If this form is attached to the document identified above, it serves as an endorsed copy of the document.

**Note:** Any date shown above is current as of the date of this verification. Users are urged to review the official court docket for a specific event to confirm information, such as entered on docket date for purposes of appeal. Any element of information on this form, except for the digital signature and the received date, is subject to change as changes may be entered on the Court's official docket.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

vs.                                                      No. CIV 03-673 BB /LCS
                                                           No. CR  01-1308

JUAN PARRA-PEREZ,

    Defendant-Movant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff's Motion to Vacate or Reduce Sentence Pursuant to 28 U.S.C. §2255 (Doc. 95) and the Court having reviewed all matters of record and having set this matter for an evidentiary hearing pursuant to Doc 99, and the Plaintiff not having appeared for said hearing, the Court finds that this Motion should be **DENIED WITHOUT PREJUDICE** and the United States Magistrate Judge acting on referral of this matter by the District Judge will so recommend.

### FINDINGS

1.      On October 4, 2001, Mr. Parra-Perez was indicted for transporting and harboring illegal aliens in violation of 8 U.S.C. §1324. On December 5, 2001, a 15-count Superseding Indictment was filed against Movant charging violation of 8 U.S.C. § 1324, for transporting and harboring illegal aliens. On February 13, 2002, Movant, through his attorney Robert Ramos, filed a Motion to Suppress all evidence. (Doc. 64.) The Court held a suppression hearing on March 1,

2002 and denied the Motion to Suppress. (Doc. 75.)

2. On March 5, 2002, Movant pleaded guilty to Counts I, III, V, VII, IX, XIII and XV pursuant to a written plea agreement. (Doc. 80.) On September 24, 2002, the United States moved to dismiss Counts II, IV, VI, VIII, X, XII, and XIV of the superseding indictment without prejudice. (Doc. 86.)

3. Movant's plea agreement (Doc. 80, ¶ 10) contained a Conditional Plea agreement in which Movant reserved the right to appeal the March 1, 2002 Order of the United States District Court denying Movant's Motion to Suppress (Doc. 75), and the March 4, 2002 Order granting the United States' motion in limine to admit evidence of alienage and lack of authority to be in the United States. (Doc. 78.)

4. On September 30, 2002, the Court sentenced Movant to 12 months plus one day of incarceration, to be followed by 2 years supervised release, and a special penalty assessment of $800.00. (Doc. 88.) Judgment was entered on November 25, 2002. (Doc. 89.) Movant filed his §2255 motion on June 4, 2003, claiming ineffective assistance of counsel based on counsel's failure to file Notice of Appeal and failure to object to the District Court's granting the United States' Motion in Limine. (Doc. 95.)

5. The § 2255 Motion, filed within one year of the judgment and sentence is timely under the Antiterrorism and Effective Death Penalty Act ("AEDEA"). *See* 28 U.S.C. § 2255.

6. Movant was released from the custody of the United States Bureau of Prisons on November 6, 2003. He was then taken into the custody of the Bureau of Immigration and Customs Enforcement on an outstanding immigration detainer. Movant was deported from the United States on November 6, 2003. (Doc. 100.)

2

7.  On November 18, 2003, this Court issued a Memorandum Opinion and Order setting Evidentiary Hearing on December 17, 2003. (Doc. 99.) The Supreme Court has held that counsel has a constitutionally imposed duty to consult with a defendant about an appeal if he has reason to think that the defendant has reasonably demonstrated an interest in appealing. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Both the Supreme Court and the Tenth Circuit have also held that lack of meritorious issues on appeal is irrelevant to a § 2255 proceeding if counsel has disregarded a defendant's specific instructions to perfect an appeal. *United States v. Snitz*, 342 F.3d 1154, 1156 (10th Cir. 2003.)

In the present case, Movant specifically reserved the issues of his own Motion to Suppress and the United States' Motion in Limine as appealable issues in his plea agreement. Because this Court found that the record was unclear as to what Movant discussed with Mr. Ramos regarding the possibility of appeal, it found that an evidentiary hearing was necessary to determine whether Movant requested Mr. Ramos file a Notice of Appeal in accordance with the rule outlined in *Snitz*. *Id.* The Court also appointed the Federal Public Defender to represent Movant in this matter. (Doc. 99.)

8.  On December 8, 2003, this Court was notified by the United States that Movant had been released from custody and deported from the United States and that Movant's whereabouts were currently unknown. (Doc. 100.) This Court reset the evidentiary hearing for March 11, 2004 to give the United States time to locate Mr. Parra-Perez. (Doc. 101.)

9.  On March 11, 2004, the Evidentiary Hearing was held. Appointed counsel, Steve Sosa, appeared without Mr. Parra-Perez. Mr. Sosa advised the Court that he had never had any communication with the Movant. Mr. Sosa had been in contact with Movant's wife, who resides

3

in El Paso, Texas. He asked Movant's wife to convey his messages to Mr. Parra-Perez, but did not believe Movant was aware of the Evidentiary Hearing. (Tr. at 3-4.) Mr. Sosa requested an additional two months to contact Movant. (Tr. at 4.)

10. Movant has not advised the Court of his release nor of his post-release address, as is his obligation. FED R. CIV PRO. 41(b), D.N.M.L.R.-CIV 83.6[1]. *See also, e.g., Michaud v. Williams*, 1999 WL 33504430 (N.D.N.Y. 1997).

11. Movant was released from prison prior to the appointment of counsel but he remains on Supervised Release (Doc. No. 89.)

12. That the United States, represented by Kelly Burnham, was ready to proceed at the evidentiary hearing on March 11, 2004. (Tr. at 5.)

## RECOMMENDED DECISION

When this matter came before this Court on Movant's Motion to Vacate or Reduce Sentence pursuant to 28 U.S.C. §2255, I felt an evidentiary hearing was necessary to determine whether Mr. Parra-Perez had requested that his attorney perfect an appeal. I initially set the matter for hearing in December and then re-scheduled the hearing for March after being advised that Mr. Sosa had been unable to locate Mr. Parra-Perez. Mr. Parra-Perez has a duty to keep both the Court and his attorney advised of his whereabouts. FED. R. CIV. PRO. 41(b), D.N.M.L.R.-CIV 83.6. *Michaud v. Williams*, 1999 WL 33504430 (N.D.N.Y. 1997). The Movant has shown a manifest lack of interest in his case, *see, e.g., Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962); *Oklahoma Publishing Co. v. Powell*, No. 78-1856, 1980 WL 6687 at

---

[1] All attorneys of record and parties proceeding *pro se* have a continuing duty to notify the Clerk, in writing, of any change in their mailing addresses, telephone numbers and, for those having a request on file as described in D.N.M.L.R-CIV 5.6, any change in facsimile numbers or electronic addresses.

4

*2 (10th Cir. Mar. 7, 1980), and I recommend dismissal of this matter. However, in the event Movant can demonstrate to the Court that there was a true and reasonable excuse for his failure to appear, for example, that he was in Mexico and can show that he attempted to enter the United States legally for the hearing, but was refused, the Court will consider the excuse and, if permitted and the petition is not otherwise barred, will re-open this cause. Therefore, I recommend that the matter be **DISMISSED WITHOUT PREJUDICE**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**